UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO. 11-42653 |
| | ) | |
|   CHRISTOPHER E. SMALLWOOD | ) | CHAPTER 7 PROCEEDING |
|   5300 SAMPSON DRIVE | ) | |
|   GIRARD, OH 44420 | ) | |
| | ) | |
|       DEBTOR | ) | |
| _____ | )_____ |
| | ) | |
| | ) | |
| COMERICA BANK | ) | |
| 1508 W. MOCKINGBIRD LANE | ) | |
| DALLAS, TX 75235 | ) | |
| | ) | ADVERSARY CASE NO. |
|       PLAINTIFF | ) | |
| | ) | JUDGE KAY WOODS |
| -vs- | ) | |
| | ) | |
| CHRISTOPHER E. SMALLWOOD | ) | |
| | ) | |
|       DEFENDANT | ) | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT DUE** |
| | ) | |

    Now comes Comerica Bank ("Plaintiff") by and through counsel, and for its Complaint against Christopher E. Smallwood ("Defendant"), states as follows:

    1.    Jurisdiction of the within proceedings is vested in this Court by virtue of the provisions of 28 U.S.C. § 157 as enacted and effective on July 10, 1984 as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Local General Order No. 84 entered on July 16, 1984, by the United States District Court for the Northern District of Ohio, 28 U.S.C. § 1334, and such vestiges of the provisions of 28 U.S.C. § 1471 and 1473 that have not in fact been repealed by the passage of the Bankruptcy Amendments Act of 1984 and/or the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 in

that the matters alleged herein are core proceedings, relating among other things to a determination of discharge of debt due pursuant to 11 U.S.C. § 523 (a)(6).

2. That Plaintiff is a corporation with its principal place of business located in the State of Texas and which conducts business in the State of Ohio.

3. That Defendant is a citizen of the United States, State of Ohio, County of Trumbull and City of Girard.

4. That Defendant was the owner and sole member of CES Investments, LLC, a company set up to operate a franchise of Charley's Grilled Subs at 3219 Belmont Avenue in Youngstown, Ohio.

5. That Defendant applied for and was granted a Small Business Loan by Plaintiff on March 23, 2007 in the initial amount of $650,500.00.

6. As security for the loan with Plaintiff, Defendant granted a mortgage in favor of Plaintiff upon the real estate located at 3219 Belmont Avenue, from which Defendant operated the restaurant. To perfect its lien, Plaintiff recorded its mortgage with the County Recorder's Office.

7. As additional security for the loan, Defendant executed a Commercial Security Agreement and granted a blanket lien in favor of Plaintiff as to all assets of the business, including equipment, inventory, fixtures and accounts.

8. Pursuant to the express terms of the Security Agreement, Defendant agreed to hold in trust for Plaintiff all payments received in connection with collateral and proceeds from the sale or other disposition of collateral.

9. Further, pursuant to the express terms of the Security Agreement, Defendant agreed that he would not, without prior written consent of the Plaintiff, sell or transfer or permit to be sold or transferred Plaintiff's collateral to any party other than Plaintiff.

10. Subsequent to the granting of the loan, the restaurant experienced financial difficulty and ultimately ceased operations in August 2011.

11.     On or about the time the business ceased operations in August 2011, Defendant, as the sole member and operator of CES Investments, LLC, began to systematically liquidate the inventory, equipment and fixtures of the restaurant to various individuals, some of whom Defendant knew on a personal level and some of who were third parties he had never met before.

12.     In some cases, Defendant simply "gave away" equipment, inventory or fixtures for no consideration and, in many cases, Defendant received consideration in the form of cash to transfer the assets to third parties.

13.     In all cases, Defendant failed to notify Plaintiff he was selling or liquidating its collateral, as required by the Security agreement and in all cases, Defendant failed to remit proceeds from sales of the collateral to Plaintiff, in violation of the Security Agreement..

14.     Upon information and belief, Defendant sold or gave away the following assets pledged as collateral for Plaintiff's loan:  Industrial refrigerator, approximately 50 chairs and 15 tables, restaurant grill, 2 cash registers, 4 stainless steel restaurant prep tables, deep fryer,  2 dishwashing sinks, 2 toilets and perishable food items.  In addition, Defendant liquidated business bank accounts with unknown sums of cash on deposit.

15.     That Defendant's actions constitute conversion of Plaintiff's collateral, in violation of 11 U.S.C. § 523 (a)(6).

16.     Plaintiff has suffered a monetary loss of $325,000 as a direct and proximate result of Defendant's actions.

17.     Defendant's actions as set forth above render the debt owing to Plaintiff non-dischargeable pursuant to 11 U.S.C. § 523 (a)(6).

WHEREFORE, Plaintiff prays for judgment in its favor as follows:

1.     That the debt listed above in the amount of $325,000.00, be deemed non-dischargeable pursuant to 11 U.S.C. § 523 (a)(6);

2. For a judgment in the amount of $325,000.00.

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ Scott D. Fink
Scott D. Fink, (0069022)
Attorney for Plaintiff
Weltman, Weinberg & Reis Co., L.P.A.
Lakeside Place, Suite 200
323 W. Lakeside Avenue
Cleveland, OH 44113-1099
216-739-5644
ecfndoh@weltman.com